

CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

March 23, 2017

Hon. Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: United States v. Asia Siddiqui, et al.
      <u>Criminal Docket No. 15-213 (SJ)</u>

Dear Judge Johnson:

  The undersigned respectfully submits this letter in response to the Government's motion to reconsider (Doc. 73). The Government asks the Court to partially reconsider its March 16, 2017, opinion (Doc. 72), specifically its holding that the Defense could use the UC's independently obtained real name and picture in its investigation.[1] The Government asserts that the UC's pictures are no longer online and that, therefore, the Court's opinion was incorrect. The Government's argument is flawed for at least three reasons. First, the Government's argument is not a proper basis of a motion to reconsider. Second, the Court's opinion did not rely on the information the Government now challenges. Finally, as of the filing of this motion, the Defense is still able to find images of the UC posted online.

  Because the Government presents no controlling authority or evidence that it could not have presented in the underlying motion, the Defense respectfully submits that this Court should deny the Government's request for reconsideration.

## I. Standard of Review

  The Government asserts that the Local Criminal Rules provide no guidance on a motion to reconsider. The Government is incorrect. Local Criminal Rule 49.1(d) provides in relevant part:

  A motion for reconsideration or reargument of a Court order determining a motion
  shall be filed and served within fourteen (14) days after the Court's determination
  of the original motion. A memorandum setting forth concisely the matters or con-

---

[1] The Government does not challenge the court's rejection of its courtroom closure motion or the use of information about the UC obtained from The Gothamist.

trolling decisions which counsel believes the Court has overlooked shall accompany the motion.

Local Criminal Rule 49.1(d). As the Committee Note explains, "[a] new subpart (d) was added to provide guidance regarding motions for reconsideration in criminal cases."

## II.     Argument and Analysis

### A.      The Government's arguments fall outside the proper scope of a motion to reconsider.

Because the Government relies on evidence that it could have obtained earlier and cites no controlling authority that the Court overlooked, its motion falls outside the proper scope of reconsideration. In general, courts will only reconsider opinions in three narrow circumstances: "[1] [A]n intervening change in controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." *Favors v. Cuomo*, 2014 U.S. Dist. LEXIS 103310, *7 (E.D.N.Y. July 28, 2014). With respect to the third circumstance, the Second Circuit has established that "it is not enough, . . . , that the [moving party] now make a more persuasive argument . . . . The law of the case will be disregarded only when the court has 'a clear conviction of error with respect to a point of law on which its previous decision was predicated.'" *C-TC 9th Ave. Partnership v. Norton Co. (In re C-TC 9th Ave. Partnership)*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).

This standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).[2] "Controlling authority" means mandatory authority—that is, relevant opinions from the Second Circuit or the Supreme Court. *See Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*, 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2008). The rule "should be strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Id.* (internal quotations omitted).

In its motion, the Government cites no intervening decisions of the Supreme Court or Second Circuit and no evidence that it could not have obtained earlier. In fact, the Government cites no legal authority at all, except cases generally discussing the standard of review for a motion to reconsider and law challenging footnote five of the Court's opinion, upon which the Court's holding was not predicated. *See Fogel*, 668 F.2d at 109 (noting that new authority must challenge an "error with respect to a **point of law on which its previous decision was predicated**") (emphasis added).

---

[2] *Schrader* was a civil case, but, as the Government correctly conceded, "[t]he standard for deciding a motion to reconsider in the civil context is relevant for deciding a motion to reconsider in a criminal case." *United States v. Fell*, 372 F. Supp. 2d 773, 780 (D. Vt. 2005). Local Criminal Rule 49.1(d) uses language identical in relevant part to Local Civil Rule 6.3.

A party may generally not raise new arguments or evidence in a motion to reconsider, as the Government does here.[3] "To be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters *that were put before it on the underlying motion*.'" *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)) (emphasis added); *see also United States v. Gross*, 2002 U.S. Dist. LEXIS 28159, *10 (E.D.N.Y. Dec. 5, 2002) ("A motion for reconsideration cannot advance a new argument, as it is deemed waived"). Similarly, the Government may not use a motion to reconsider "as a vehicle to introduce new evidence 'that should have been set forth during the pendency of the prior motion or could have been discovered in the exercise of due diligence.'" *Id.* (citing *Brown v. J.F.H. Mak Trucking*, 1999 U.S. Dist. LEXIS 17831, *3 (E.D.N.Y. Oct. 5, 1999))

Here, the Government attaches an affidavit from Thomas Galati and a printout from an October 31, 2015, Daily Mail article (Docs. 73.1 and 73.2). But the Government makes no attempt to show why it could not have obtained the affidavit earlier. In fact, the affidavit itself shows that it could have been obtained earlier. Mr. Galati claims that, on October 10, 2016, the Government deleted the public information found by the Defense, well before the government filed its response to the Defense's motion on December 1, 2016 (Doc. 67). The only genuinely new information the Government provided was the fact that the UC's picture had been posted on Facebook in connection with her undercover work. Facebook is one of the most public forums on the Internet. Finally, the Government already told the court at the first hearing that it had deleted the public pictures of the UC and that none of the pictures expressly identified the UC as an undercover officer. *See* Court's Opinion at 7 ("The Government vehemently denied that there are publically available images of the UC identifying her as an undercover officer").

In *Gross*, the Government also presented an affidavit containing "new" evidence in a motion to reconsider. The court rejected it out of hand, because the evidence was obtainable before the motion.

> This argument essentially amounts to a claim that 'our original estimation of what was important was wrong, and now, knowing how the Court will decide, we want another attempt to make our case.' This is a luxury most parties before federal courts would want. As the caselaw makes clear, however, in the context of motions for reconsideration, it is inappropriate, both to the parties against whom the movant is advocating, and the efficient operations of the courts.

---

[3] There is some question whether the Government was permitted to file an affidavit at all. Under the version of Local Civil Rule 6.3 cited by the Government in its motion, "[n]o affidavits shall be filed by any party unless directed by the court." Local Criminal Rule 49.1(d), which *is* the applicable rule, allows a party to submit a "memorandum" but does not mention an affidavit at all. Instead, the rule focuses on "matters or controlling decisions which counsel believes the Court has overlooked." Local Criminal Rule 49.1(d). The rule's silence on affidavits is likely because, as shown in the body of this letter, new evidence is permitted only in the rare situation that it could not reasonably have been discovered before the Court's opinion.

*Gross*, 2002 U.S. Dist. LEXIS 28159, at *10. The *Gross* court also rejected the government's attempts to raise previously available Second Circuit law. "The Government's various arguments illustrate a disagreement with the Court's interpretation of Second Circuit precedent. This fact alone, however, does not warrant a motion for reconsideration; rather, it defines the very reason the federal courts have an appellate process." *Id.* at *13-*14.

Here, all the Government does is rehash old arguments, attempt to raise waived arguments, and present evidence that it could have easily obtained—and, in fact, did obtain—before the Court's opinion.

**B.     The Government improperly challenges language in the Court's opinion up-on which the opinion was not predicated.**

Even if the Government's evidence were appropriate in a motion for reconsideration, it would not change this Court's reasoning. The gist of the Government's argument is that the Daily Beast did not actually uncover a public picture of the UC, even if the Defense did. This argument is flawed for several reasons.

First, what the Daily Beast did or did not find is irrelevant to the Court's opinion, which was not "predicated" on a single footnote. *Fogel v. Chestnutt*, 668 F.2d 100 (2d Cir. 1981); *see also Freedom Holdings, Inc. v. Cuomo*, 2009 U.S. Dist. LEXIS 4526, *2 (S.D.N.Y. Jan. 21, 2009) ("Defendants describe a purported factual error in Footnote 15 of my Opinion and Order . . . I decline to reconsider the footnote. If the proposition that I restate is in error, it has no bearing on the substance of my holdings."). The Defense found the UC's true name and pictures in the public domain—a fact which the Government does not and cannot contest. *See* Court's Opinion at 6 ("**Defendants** obtained pictures of the UC, along with the UC's real name, alma mater, even the names and pictures of some of the UC's close personal friends through publically available information.") (emphasis added). The Daily Beast is not a party to this case.

The Daily Beast's investigative prowess (or lack thereof) has nothing to do with this Court's core holding that the Protective Order does not prevent the Defense from using information it discovered in the public domain (i.e., publically available information). Court's Opinion at 11 ("The protective order, by its plain language, does not prevent Defendants from using independently obtained information about the UC's identity. . . . [T]he spirit the Government seeks to enforce would undermine the plain language of the protective order which explicitly allows Defendants to make the requested disclosure. Therefore, what the Government asks for is not in the spirit of the protective order.") (emphasis in original). Even if the information were no longer public, it will *always* have been independently obtained. The Government cites no intervening controlling authority showing that the Court's interpretation of the Protective Order was incorrect.

Second, footnote five of the Court's opinion—again, the only factual information[4] the Government challenges—does not say that the Daily Beast discovered the UC's real name. *See*

---

[4] The Defense uses the term "factual information" advisedly. It's not clear that a footnote to a factual finding is itself a factual finding. *C.f. Cuomo*, 2009 U.S. Dist. LEXIS 4526, at *2.

Court's Opinion at 7 n. 5. Thus, the Government's argument, even if it were appropriate as an initial matter, would prove too much. The Court authorized the Defense to use the UC's real name in its investigation, even though the Daily Beast did not say that it found the UC's real name. *See* Court's Opinion at 9 ("The protective order, by its plain language, does not prevent Defendants from using independently obtained information about the UC's identity"). Therefore, although the Government purports to challenge a "factual finding" ungirding the Court's holding, all it really does is reargue its case.

Third, the Government's assertion that the Daily Beast article referred to a picture in the Daily Mail is mere speculation. The Daily Beast did not say what picture it was referring to in the article, and there's no evidence the Government contacted the reporter.

Finally, contrary to the Government's implication that all publically available images of the UC have been removed from the Internet, the Defense is still able to find images of the UC in the public domain as of the date of this letter. If the Court so desires, the Defense can provide links to these images in a sealed filing.

The Government essentially argues that it was, in fact, able to "unscramble a scrambled egg" but, in doing so, merely rehashes a rejected argument. *See Ivan Visin Shipping*, 543 F. Supp. 2d at 339. The Defense found (and can still find) publically available images and information about the UC. This fact cannot be undone. And again, to the extent that the Government's argument is new, it is waived, because it is based on law and facts that were available before the opinion. *Eisemann*, 204 F.3d at 395 n. 2.

## III.   Conclusion

The Government's motion to reconsider is an inappropriate attempt to reargue issues the Court has already decided. To the extent that the Government makes new arguments, the arguments are waived because the Government does not point to any new evidence or intervening authority. Regardless, even if the Government's evidence were new or appropriate, the evidence is irrelevant to the Court's opinion and based on speculation. Finally, the Defense is still able to find publically available images of the UC online. Thus, the Defense respectfully submits that this Court should deny the Government's motion to reconsider.

Very Respectfully,

/s/ Charles Swift
Charles Swift
Attorney for Asia Siddiqui
972-914-2507
cswift@clcma.org

5