

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:CRH/JMS
F. #2014R00196

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 26, 2018

<u>By ECF</u>

The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>        Re:    United States v. Noelle Velentzas and Asia Siddiqui
>               <u>Criminal Docket No. 15-213 (SJ)</u>

Dear Judge Johnson:

        The government writes in response to the defendants' submission in further support of their motion to dismiss.[1]  In their filing, defendants continue to argue that (1) Title 18, United States Code, Sections 2332a and 842(p) are vague and overbroad, and (2) that the indictment lacks sufficient specificity.  <u>See</u> Def.'s Reply to Resp. to Mot. to Dismiss (Docket Entry ("D.E.") # 98).  As to the first argument, no court has <u>ever</u> invalidated these statutes on vagueness or overbreadth grounds, nor do defendants cite to any authority so holding.  Indeed, numerous courts have affirmed convictions under these statutes, thus confirming their facial validity.  As to the second argument, the language of the indictment tracks the language of the statute, an approach that has repeatedly been upheld as sufficient by the Second Circuit, and, in any event, the complaint and the discovery—including recorded conversations between the defendants discussing their efforts to build and use a weapon of mass destruction—have provided ample notice to the defendants of the conduct with which they are charged.  Accordingly, as the government explained in detail in its opposition brief, the motion should be denied in full, as neither statute is unconstitutionally vague or overbroad, and the indictment states offenses with sufficient specificity.  <u>See</u> Mem. in Opp. to Mot. to Dismiss (D.E. # 90).

---

[1] Defendant Noelle Velentzas originally filed this motion, and defendant Asia Siddiqui subsequently joined the motion.  <u>See</u> D.E. # 84 and 85.

I.        Background

        Velentzas and Siddiqui conspired to create an explosive device to be detonated in a terrorist attack in the United States, specifically aimed at law enforcement.   A thorough discussion of the charges and evidence is contained in the government's memorandum in opposition to the defendants' motion to dismiss.  See Mem. in Opp. at 2-15.

        Velentzas and Siddiqui worked together to learn how to build explosive devices for use in a terror attack.  To cite a few examples from the complaint and discovery provided to the defendants:

- Velentzas and Siddiqui researched components for explosive devices, and focused in particular on pressure cookers given their use to create the explosive devices that caused the Boston Marathon attacks, and fertilizer because of its use in the Oklahoma City bombing attack.

- Velentzas and Siddiqui obtained, reviewed and took notes on a text called The Anarchist Cookbook, an open source guerrilla warfare manual that included instructions on how to build explosive and incendiary devices, as well as Inspire magazine, which included discussions of terrorist attacks using explosives.  Velentzas at one point researched household components listed in the Cookbook as ingredients for "Making Plastic Explosives from Bleach;" Siddiqui took notes on an article in Inspire titled "Car Bombs Inside America."

- Velentzas explained at one point that they they all needed to study to the point where they could retain the information without needing a book to consult, knowing how much of each substance was needed to make a fertilizer bomb.

        The defendants also discussed viable targets, expressing a distinct preference for law enforcement targets, rather than civilian targets.  Some examples include:

- Velentzas praised Mohammed Shnewer, who she said was "charged with quite an admirable thing … conspiring to attack Fort Dix in New Jersey," which was a plot against military targets.

- In discussing the murder of NYPD officers, Velentzas stated that it was easy to kill a police officer, and that killing a police officer is easier than buying "food," because sometimes one has to wait in line to buy "food."

- Velentzas explained that if so much time and effort is spent on studying how to make an explosive, it is better to go for the enemy directly (i.e. law enforcement and government officials) rather than civilians.

        Velentzas and Siddiqui were arrested on April 2, 2015, pursuant to a criminal complaint.  Agents executed search warrants on each of their residences, at which time they recovered, among other things, propane gas tanks, soldering tools, pipes, a pressure cooker,

fertilizer, handwritten notes on the recipes for bomb making, and jihadist literature. On April 30, 2015, the defendants were charged in an Indictment with knowingly and intentionally conspiring to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(2), and knowingly and intentionally teaching and demonstrating the making and use of an explosive device, and distributing information pertaining to that information with the intent that it be used for, and in furtherance of, an activity that constitutes a federal crime of violence, in violation of Title 18, United States Code, Section 842(p)(2)(A).

II.        Argument

A.        Section 2332a Is Not Unconstitutionally Void For Vagueness

A statute is unconstitutionally vague under the Due Process Clause of the Fifth Amendment when it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." Holder v. Humanitarian Law Project, 561 U.S. 1, 18 (2010) (hereafter "HLP").

Here, Section 2332a is not vague as applied to the defendants' conduct because a person of ordinary intelligence would understand that a law that prohibits conspiring to use a weapon of mass destruction against another person or property would include a plan to build a bomb to kill numerous people. Such conduct is "clearly proscribed" by the statute. See United States v. Crawford, No. 16-4261-cr, 2017 WL 4994459 (2d Cir. Nov. 1, 2017) (summary order) (holding that similar statute prohibiting the "use, or … threat[ened] … use of radioactivity-releasing devices" is not void for vagueness). The defendants also fail to show that the statute is facially vague, because such a challenge "require[es] the defendant to show 'that the law is impermissibly vague in all of its applications.'" United States v. Farhane, 634 F.3d 127, 138-39 (2d Cir. 2011) (quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497 (1982)) (emphasis added). Here, since the defendants cannot succeed in showing that the statute is vague as applied to the facts of this case, they cannot prove that it is vague in "all of its applications."

B.        Section 2332a Is Not Overbroad

The defendants' claim of overbreadth should also be denied. A law is overbroad "if it punishes a substantial amount of protected free speech, judged in relation to [its] plainly legitimate sweep." Farhane, 634 F.3d at 136 (internal quotations and citations omitted). All overbreadth claims are facial challenges, because the challenge is based on the idea that the rights of hypothetical third parties would be violated if applied to them. See Farrell v. Burke, 449 F.3d 470, 498 (2d Cir. 2006) (citations omitted). The Supreme Court has "insisted that a law's application to protected speech be substantial, not only in an absolute sense, but also relative to the scope of the law's plainly legitimate applications." Virginia v. Hicks, 539 U.S. 113, 119-20 (2003) (quotations and citation omitted). Moreover, "[r]arely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." Id. at 124.

3

The defendants cannot demonstrate that Section 2332a is substantially overbroad. The First Amendment is not implicated by the type of conduct the statute intends to prohibit—conduct associated with using a weapon of mass destruction against a person or property is not protected speech. Indeed, individuals have been tried and convicted on multiple occasions, in this Circuit and elsewhere, of violations of Section 2332a based on facts that raise no constitutional concerns. See, e.g., In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93 (2d Cir. 2008) (affirming convictions of defendants involved in conspiracy to detonate truck bombs outside U.S. Embassies in Kenya and Tanzania); United States v. al Farekh, No. 15-CR-268 (E.D.N.Y.) (BMC) (defendant convicted of Section 2332a conspiracy for participating in plan to detonate car bombs at U.S. military base in Afghanistan). Because the statute appropriately applies to such a large number of instances of unprotected conduct related to violent acts and terrorism, the statute is not unconstitutionally overbroad.

C.    Section 842(p) Is Not Vague Or Overbroad

The defendants' as-applied challenge to Section 842(p) fails for similar reasons as their challenge to Section 2332a. A person of ordinary intelligence would be on notice that the defendants' conduct was proscribed by a statute that criminalizes "teach[ing] or demonstrat[ing]" or "distribut[ing] information pertaining to, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, with the intent that [the conduct] be used for, or in furtherance of, an activity that constitutes a Federal crime of violence." 18 U.S.C. § 842(p). As described above, the defendants spent substantial time specifically researching explosive devices for the purpose of planning a terrorist attack. The defendants cannot now claim a lack of awareness that their plan to teach and learn how to build a bomb for the express purpose of detonating a bomb was made illegal by this statute. Section 842(p) is not facially vague because the defendants fail the "all applications test": the defendants' own case illustrate that at least one circumstance (their own) is not unconstitutionally vague. The one court to consider the question has unequivocally concluded that the statute is neither facially vague nor as applied to facts even less substantial than those involved in this case. See United States v. Coronado, 461 F. Supp. 2d 1209, 1216 (S.D. Cal. 2006) (holding that the statute "affords people of ordinary intelligence the opportunity to understand what conduct is prohibited and does not foster arbitrary, discriminatory, or capricious enforcement").

The defendants likewise cannot show that Section 842(p) is substantially overbroad. As the district court in Coronado explained when it denied a similar overbreadth challenge, "[t]he specific focus of the statute is not on mere teaching, demonstrating, or disseminating information on how to construct a destructive device, but upon teaching, demonstrating, or disseminating information with the specific intent that the knowledge be used to commit a federal crime of violence." 461 F. Supp. 2d at 1213 (emphasis added). Indeed, a predecessor statute to Section 842(p) applied similar "teaching" language to a criminal statute, see 18 U.S.C. § 231(a) (making it a crime to "teach[] or demonstrate[]" the "use, application or making of any firearm or explosive" knowing that it would be "unlawfully employed for use in … civil disorder"), and was found not overbroad by a number of different courts. See Coronado, 461 F. Supp. 2d at 1213-14 (discussing United States v. Featherston,

4

461 F.2d 1119 (5th Cir. 1972) and National Mobilization Committee to End the War in VietNam v. Foran, 411 F.2d 934, 936 (7th Cir. 1969)).

          D.          Both Count One And Count Two State An Offense With Sufficient Specificity

The defendants' challenge to the specificity of the counts are also meritless. These counts, which may be read in conjunction with the detailed complaint and voluminous discovery provided in this case, state offenses with sufficient specificity under Rule 12 and do not require dismissal.

The defendants assert again in this supplemental submission that Count One fails to provide them with adequate notice to defend themselves. But the defendants have been provided with sufficient information based on the indictment, including the date of the conspiracy, its participants, and the nature of the conspiracy, including the types of weapons of mass destruction they contemplated. It is well settled that an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998). Where an indictment does so, it is sufficiently specific to withstand a motion to dismiss. See United States v. Citron, 783 F.2d 307, 314 (2d Cir. 1986); see also Fed. R. Crim. P. 7(c)(1) (requires only that an indictment set forth a "plain, concise, and definite written statement of the essential facts constituting the offense"). As the Second Circuit has held, "When the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, this court has 'repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity.'" United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013) (internal citations omitted).

In addition to the indictment, which tracks the language of the statute and is therefore presumed to be sufficient, the complaint and discovery in this case further place the defendants on notice of the government's case. Longstanding precedent holds that the government need not provide greater specificity on the face of an indictment in a case where the indictment, along with the discovery information the government has thus far provided to defendants, sufficiently notifies the defendants of the crime charged and the general outline of the government's case. See United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999) (citing United States v. McClean, 528 F.2d 1250, 1257 (2d Cir. 1976)). The government has provided discovery about, among other things, the chemicals and electrical components the defendants researched, obtained and attempted to use and recordings of the defendants' discussions of particular types of explosives including car bombs, electrically wired explosives, chemical explosives, explosives using such household items as ammonium and fertilizer. The discovery in this case expressly addresses each of the questions raised in the defense motion, thus obviating their motion entirely.

The same is true as to Count Two. The indictment provides the defendants with the applicable date range, participants in the teaching and distribution, as well as the narrow types of teaching and demonstration they engaged in and the types of information they distributed, and the purpose for which they engaged in that activity. This specific language,

coupled with the details set forth in the complaint and the mass of discovery in this case, apprises the defendants of the crimes against which they must defend. Cf. McClean, 528 F.2d at 1257; Walsh, 194 F.3d at 44. As outlined in the fact section above, the defendants have ample material establishing what information they shared, distributed, taught and demonstrated in order to create a weapon of mass destruction.

The defendants lastly argue in their supplemental submission that Count Two fails to state an offense because a violation of § 2332a(a)(2) cannot serve as a requisite "crime of violence" to support a charge under § 842(p)(2)(A). This is wrong. Section 2332a has been held to constitute such a crime of violence. In United States v. Khalil, the Second Circuit expressly referred to a violation of Section 2332a as a "crime of violence," without qualification. Id. at 120-21 ("Section 2332a provides that violation of the weapons-of-mass-destruction prohibitions is punishable by up to life imprisonment, or, if death resulted, it is punishable by death. See 18 U.S.C. § 2332a(a). Congress obviously did not intend the crime of violence to be merged into the firearm offense….") see also United States v. Alahmedalabdaloklah, No. 12-1263, 2017 WL 2988236, at *4 (D. Ariz. July 13, 2017) (holding that a violation of Section 2332a(1) and (3), which charge substantially the same crime of using a weapon of mass destruction against a person or place, constitutes a crime of violence). The defendants' conspiracy to detonate an explosive device presented a substantial risk that physical force might be used, in conjunction with their efforts to harm persons and property within the United States. As such, the defendants' unsupported argument should be dismissed and their motion denied.

II.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to dismiss in full.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:    /s/ Craig R. Heeren
       Craig R. Heeren
       Jennifer M. Sasso
       Assistant U.S. Attorneys
       (718) 254-7000

cc:    Sean M. Maher (*Counsel for Noelle Velentzas*)
       Linda Moreno and Charles D. Swift (*Counsel for Asia Siddiqui*)