SLR:LDM:BGK
F. # 2014R00196

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  AUG 23 2019  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against –

ASIA SIDDIQUI,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

15-CR-213 (SJ)

WHEREAS, on or about August 23, 2019, ASIA SIDDIQUI (the "defendant"), entered a plea of guilty to the offense charged in the Count Two of the above-captioned Indictment, charging a violation of 18 U.S.C. § 842(p)(2)(A); and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(G), and 28 U.S.C. § 2461(c), the defendant has consented to the forfeiture of all right, title, and interest to the United States in the following: (1) the items identified in the documents bates-stamped Velentzas 002192-002193 and 002199; (2) the items identified in the documents bates-stamped Siddiqui 000024-000033; (3) cell phone models LG LX370, LG MS323, Siemens model, Nokia model, HTC P4600, Metro PCS 4G 2TE, LG Nexus, Kyocera 3G and a Blackberry device, all seized from 161-33 84th Road, Jamaica, New York, on April 2, 2015; (4) a Sony cybershot camera, Panasonic video camera, memory stick, Metro PCS 2TE with keyboard, Canon SD memory card, and a Western Digital external hard drive, all seized from 161-33 84th Road, Jamaica, New York, on April 2, 2015; (5) cell phone models LG-MS323 Optimus L70, LG 695, LG-MS769, Samsung SCH-R360, Kyocera Presto, and Blackberry

device, all seized from 119-57 Inwood Street, Apartment 2, Jamaica, New York, on April 2, 2015; (6) a SD card and a 500 GB Western Digital Hard Drive, both seized from 119-57 Inwood Street, Apartment 2, Jamaica, New York, on April 2, 2015; (7) any other items seized from 161-33 84th Road, Jamaica, New York and 161-33 84th Road, Jamaica, New York on April 2, 2015, as reflected in photographs bates-stamped Velentzas 002078-002188, Velentzas 002205-002230, and Siddiqui 000645-000747, excluding (i) $1,175 dollars and zero cents and (ii) one Lenovo Thinkpad Laptop Computer, both seized from 161-33 84th Road, Jamaica, New York (collectively, the "Forfeiture Assets"), as: (a) any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as result of the defendant's violation of 18 U.S.C. § 842(p)(2)(A); (b) pursuant to 18 U.S.C. § 844(c)(1), any explosive materials involved or used or intended to be used in any violation of the provisions of 18 U.S.C. § 842(p)(2)(A); and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(G), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States all right, title, and interest in the Forfeited Assets.

2. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Preliminary Order.

3. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty days (30) of the final publication of notice or receipt of notice or no later than sixty days (60) after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeited Assets to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Assets passes to the United

States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets to the United States. Further, if any third party files a claim to the Forfeited Assets, the defendant will assist the government in defending such claims. If the Forfeited Assets are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeited Assets, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

6. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of the monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in her judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim.

P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.  The United States alone shall hold title to the Forfeited Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.  The forfeiture of the Forfeited Assets shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court "so ordering" the Order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, Three (3) certified copies of this executed Preliminary Order to the United States Attorney's Office, Eastern District of New York, Attn: William K. Helwagen, FSA Senior Law Clerk, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       Aug 23 , 2019

SO ORDERED:

s/ Sterling Johnson, Jr.

HONORABLE STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK