

December 3, 2019

**VIA ECF**

Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Camden Plaza East
Brooklyn, NY  11201

      **RE:**    **Defense Request for Relief in Light of Adjournment of Sentencing**
              *United States v. Velentzas et al.:*  **15 Cr 213 (SJ)**

Dear Judge Johnson:

      The defense opposed any continuation of the sentencing date of December 5, 2019, at 9:30 a.m.  Under the Local Rules, the initial draft PSR was due by Probation 35 days prior to the sentencing date of December 5, 2019.  Defense should have received the PSR not later than October 30.  Despite alerting Probation on at least two occasions about their missed deadline, we were finally provided the PSR on November 19.  Under the Local Rules, we have 14 days to file our objections.  Counsel filed our objections a day early, yesterday, on December 2.  The Sentencing Memorandum was due 48 hours in advance of the sentencing, per the Court's Individual Motions Practices and Rules, Section VII.  Defense's Sentencing Memorandum was provided in advance of the 48 hours deadline.

      After our filings, both the government and Probation requested a continuance in view of the volume of material[1], which this Court granted over the defense's opposition.  The defense understands the Court's decision, in light of the requirement Probation submit a final PSR as part of sentencing, and to the extent Probation could not do this, despite the time periods provided.

      This continuance should not, however, be a windfall for the government.  Both parties we responsible for filing their Sentencing Memorandums 48 hours before the hearing, due on December 3 by 9:30 a.m., per the Court's Individual Motions Practices and Rules Section VII.  Likewise the government's objections to the PSR are due today.  The government has already missed its deadline for the filing of their Sentencing Memorandum, and unless the government files their objections to the PSR today, they will have missed this deadline, also.  A continuance after a deadline has passed is disfavored in this, and most jurisdictions, as well as under this Court's Individual Motions Practices and Rules, Section I.C., absent an emergency.

      While a continuance was necessary for Probation to complete the PSR in light of the Defense's objections, granting the government additional time in which to file their Sentencing Memorandum and Objections gives the government a tactical advantage whereby their filings are

---

[1] The volume of material should have come as no surprise to Probation as the Defense furnished substantially all of these materials and the outline for their objections to Probation on or about October 11, 2019.

CLCMA • 833 E ARAPAHO RD, STE 102 • RICHARDSON, TX 75081 • 972-914-2507 • INFO@CLCMA.ORG • CLCMA.ORG

effectively in the form of Reply Briefs, rather than being submitted simultaneously, as envisioned under the Local Rules and this Court's Individual Motions Practices and Rules.

      Accordingly, the defense respectfully submits that the continuation of sentencing hearing to January 9, 2020, should not operate as an extension of the government's filing deadlines, and any Sentencing Memorandum filed after today's deadline (of 9:30 a.m.) or any Objections to the Draft PSR should be considered out of time and disregarded by the Court.

      Should the Court nevertheless determine the interest of justice are best served by allowing the government to file their Sentencing Memorandum out of time, then the Defense respectfully requests that the government's Sentencing Memorandum be filed not later than December 24, with the Defense Reply be due 48 hours in advance of the January 9, Sentencing, on January 7, 2020.

      Counsel for the government opposes the timeline as set out above and did not provide an alternative schedule when requested.

Respectfully Submitted this 3rd day of December, 2019

*s/ Charles D. Swift*
Attorney for Asia Siddiqui

cc: All counsel (via ECF)