

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 30 2022 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

UNITED STATES OF AMERICA,

        v.

ASIA SIDDIQUI,

              Defendant.
-----------------------------------------------X

15 CR 213 (SJ)
22 CV 02257 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES:

BREON S. PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Craig R. Heeren
        Josh Hafetz
        Jonathan E. Algor
*Attorneys for the Government*

ASIA SIDDIQUI, *PRO SE*
Inmate No. #85797-053
Federal Correctional Institution Aliceville
P.O. Box 4000
Aliceville, AL 35442

**JOHNSON, Senior District Judge:**

      Petitioner Asia Siddiqui moves pursuant to 28 U.S.C. § 2255 to vacate her sentence on the basis of ineffective assistance of counsel at her sentencing. For the following reasons, Siddiqui's motion is **DENIED**.

## Background

The Court assumes familiarity with the facts of this case. On August 23, 2019, Siddiqui and her co-defendant Noelle Velentez pleaded guilty pursuant to plea agreements, to teaching and distributing information pertaining to the making and use of an explosive, destructive device, and weapon of mass destruction, intending that it be used to commit a federal crime of violence, in violation of 18 U.S.C. §§ 842(p)(2)(A) and 844(a)(2).

At her sentencing on January 9, 2020, Siddiqui's counsel, Charles Swift and Linda Moreno, highlighted her positive characteristics and argued for a lower sentencing Guidelines range. (Tr. 3-13, Dkt. No. 147.) Siddiqui was then given the opportunity to speak, which she did at length. (*Id.* at 13-17.) She took substantial responsibility for her role in the criminal offense, and she made clear that she wanted to receive an appropriate sentence, stating that she was "sorry for all the trouble I have caused" and that "I deserve this time." (*Id.* at 15-16.)

Prior to pronouncing its sentence, the Court noted that it had "thought very hard about this sentence," including considering the mitigating factors in Siddiqui's sentencing submissions and her objections to the Guidelines range. (*Id.* at 24.) The Court ultimately concluded that the particular enhancements, § 2A1.5 (Conspiracy or Solicitation to Commit Murder) and §

3A1.4(b) (the terrorism enhancement), both applied to this case. (*See id.* at 24-25.) The Court also rejected Siddiqui's request for a minor role adjustment (*Id.* at 25.) The Court sentenced Siddiqui to 180 months' imprisonment followed by three years' supervised release, and advised her of her right to appeal. (*Id.* at 27.)

The judgment was entered against Siddiqui on January 15, 2020; (Dkt. No. 144), and Siddiqui did not appeal the sentence. The following year, on June 16, 2021, the Court sentenced Velentzas to 198 months' imprisonment, followed by three years' supervised release. (*See* Dkt. No. 158).

On February 11, 2022, Siddiqui filed the instant petition to vacate her sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel, to be appointed new counsel, and to be re-sentenced to "not necessarily a shorter [sentence] but a fairer one." (Dkt. No. 162.) Siddiqui argues that, when the Government presented its plea offer to her, she told Swift that she did not want to shift the blame to her co-defendant, but rather pay her "dues with honor and dignity." (*Id.*) She claims that, despite her wishes, Swift minimized her role in the plot and presented Velentzas as "the mastermind." (*Id.*) Similarly, she states that she told Swift prior to sentencing that she wanted "to take full responsibility [for her] crime," a request that was allegedly not honored. (*Id.*) She claims that her lawyers dictated her

3

allocution and would not permit her to speak otherwise. Because she played an allegedly larger role than her co-defendant, her relatively shorter sentence has "taken away [her] peace of mind." (*Id.*)

## Legal Standards

A defendant is required to file any petition under 28 U.S.C. § 2255 within one year from:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Nevertheless, a court may equitably toll the date by which a § 2255 petition must be filed under "rare and exceptional circumstances." *Green v United States*, 260 F.3d 78, 82 (2d Cir. 2001). To warrant equitable tolling, a petitioner must show "(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

4

Ineffective assistance of counsel claims may properly be raised in motions pursuant to § 2255. *See United States v. Morales*, 2022 WL 3226310, at *2 (2d Cir. Aug. 10, 2022). "To succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." *Harrington v. United States*, 689 F.3d 124, 129-30 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 692-93 (1984)). "The petitioner's burden is a heavy one because, at the first step of analysis, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, viewing the actions in light of the law and circumstances confronting counsel at the time." *Id.* (internal quotation marks and citations omitted). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

At the second step, a defendant shows prejudice by demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. "A reasonable

5

probability is a probability sufficient to undermine confidence in the outcome." *Id.* Accordingly, "a petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." *Harrington*, 689 U.S. at 130 (internal quotation marks and citations omitted).

### Discussion

The Court notes first that Siddiqui's petition is time-barred, as it was not filed within one year of the date on which the judgment of conviction became final. Siddiqui's conviction became final on January 29, 2020, when she failed to file a notice of appeal within 14 days after entry of the judgment on January 15, 2020. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed federal criminal judgment becomes final when time for filing direct appeal expires). Accordingly, her petition is barred by the one-year statute of limitations under 28 U.S.C. § 2255. None of the other categories set forth in § 2255 demarcating the one-year limitation apply.

Siddiqui suggests three grounds for equitable tolling: the COVID-19 pandemic, her correctional facility's alleged failure to provide her contact lenses, and Swift's alleged failure to provide her court documents despite repeated requests. (Dkt. No. 164.) Assuming, without deciding, that Siddiqui diligently pursued her right to seek § 2255 relief and that extraordinary

6

P-049

circumstances prevented her from timely filing her petition, the Court finds the petition without merit.

First, Siddiqui has not met her burden of showing that her counsels' performance was objectively deficient during sentencing. To the contrary, the Court finds that their conduct was reasonable in trying to obtain for Siddiqui the lowest possible sentence. She has also not demonstrated that her counsel in any way prevented her from taking responsibility for her role in the criminal scheme. Siddiqui spoke at length at her sentencing, and the detailed nature of her allocution belies her claim that she was limited by counsel in what she could say.

Second, Siddiqui cannot show prejudice due to any alleged failure on the part of counsel. Consistent with her statement taking responsibility for her actions, the Court specifically declined to find that Siddiqui was a minor participant in the scheme. Based on the seriousness of the offense and Siddiqui's role in it, the Court is confident that her sentence would not have been lower had she taken even greater responsibility.

## Conclusion

For the foregoing reasons, Siddiqui's petition to vacate her sentence is DENIED. A certificate of appealability shall not issue because Siddiqui has not made a substantial showing of the denial of a constitutional right. *See* 28

7

U.S.C. § 2253(c)(2). The Clerk of Court is respectfully requested to mail a copy of this memorandum and order to Siddiqui and to note that mailing on the docket sheet.

SO ORDERED.

Dated: September 30, 2022
Brooklyn, New York

/s/ STERLING JOHNSON, JR.
———————————————
Sterling Johnson, Jr., U.S.D.J.

8